**Staunton.**

PATTERSON v. THE GROTTOES COMPANY AND OTHERS.

SEPTEMBER 24, 1896.

1. VENDOR'S LIEN RESERVED IN DEED—*Extent of*—*Matter of Contract*—*Case at Bar.*—The extent of the lien reserved on the face of a deed does not depend upon the extent of the vendor's interest in the land conveyed, but upon the contract of the parties as gathered from the deed itself, in reserving the lien. In the case at bar, the grantors, owning several parcels of the same tract of land, united in a deed by which they conveyed the land to the grantee as one tract. The vendors warrant generally the title to the whole tract. Only one sum is named as the consideration, and the vendor's lien was retained *upon the land conveyed,* to secure the bonds of the vendee for deferred payments of purchase money. The lien thus reserved is on the entire tract for the whole of the purchase money, and not on the several parcels for the amounts due the respective vendors thereof.

Appeal from a decree of the Circuit Court of Augusta county, pronounced May 28, 1896, in a suit in chancery, wherein Fulton and Crawford were the complainants, and the appellees, the Grottoes Company and others, were the defendants.

*Reversed.*

The opinion states the case.

*Sipe & Harris,* for the appellant.

*Elder & Elder* and *Wm. L. Yancey,* for the appellees.

BUCHANAN, J., delivered the opinion of the court.

In the year 1890, Jas. A. Patterson and L. D. Patterson conveyed a tract of 432 acres of land to the Grottoes Com-

pany, in consideration of the sum of $25,962.28, one-third of which was paid in cash, and for the residue bonds were executed by the company, and a vendor's lien to secure their payment reserved in the deed. These bonds, two of which were payable to L. D. Patterson, were paid by the company, except a balance due on one of those made payable to L. D. Patterson, and which he had assigned to Fulton and Crawford.

In August, 1893, Fulton and Crawford brought suit to subject the tract of land conveyed (except certain portions of it which had been released from the lien) to the payment of their debt.

It appears from the record that Jas. A. Patterson, who was formerly the owner of the entire tract, had, prior to their sale and conveyance to the Grottoes Company, sold a portion of it to L. D. Patterson, his son, who had paid the consideration, but had not received a conveyance therefor. It further appears that the Grottoes Company made separate contracts with the Pattersons for their respective interests in the land. The complainants allege that their debt was a lien upon the entire tract, but stated that they were willing that the L. D. Patterson portion of it might be held as the primary security, and be first subjected to its payment. The receivers of the company denied that the debt sued on was a lien upon the Jas. A. Patterson portion of the land.

In the progress of the cause it became necessary to decide that question, and the court was of opinion that the debt sued on was a lien only on the L. D. Patterson portion of the land, and so decreed. From that decree this appeal was taken.

The question presented by it for our decision is whether the lien expressly reserved in the deed to secure the payment of the deferred purchase money bonds extended to the whole tract of land, or whether, in a controversy with the grantee or those who claim under it, each grantor was

confined to his own interest in the land conveyed as a security for the payment of the purchase money bonds made payable to him.

This case seems to us to be controlled by the case of *Patton* v. *Hoge*, reported in 22 Gratt. 443. In that case three persons were jointly interested in a tract of land. Two of them sold and by the same deed conveyed their undivided interests in the land to the other partner and joint owner. One of them was paid in cash for his interest, and the other took the grantee's notes for the purchase money due him, and, to secure their payment, retained a lien upon the property conveyed. The contention of the grantee in that case, as in this, was that the vendor, who had taken notes for the purchase money due him, had a lien not upon the whole interest which passed by the deed, but only to the extent of the interest conveyed by him. This court held otherwise, and subjected the whole interest conveyed.

Judge Moncure, who delivered the opinion of the court, after quoting our statute which provided that there should be no lien for the unpaid purchase price of the land after the conveyance made unless it was expressly reserved upon the face of the conveyance, said: "This provision, it is thus seen, leaves unaffected a lien 'expressly reserved upon the face of the conveyance,' which lien continues to have the same force and effect it always had. The reason of this is obvious. None of the evils growing out of the vendor's implied lien resulted from a lien expressly reserved on the face of the conveyance. Being set forth in the first link of the vendee's chain of title, purchasers from him," and creditors, he might have added, "had just as much notice of it as they would have had of a lien upon the land by deed of trust or mortgage."

"The question then is," he continues, "what is the true construction of the deed? Did the grantors thereby retain a lien on the whole property conveyed, or only on one half

of it, as security for the payment of the purchase money remaining unpaid?   They undoubtedly had a right to retain a lien on the whole or the half of said property, according to their pleasure, even though that part of the purchase money remaining unpaid may have been due and payable only to one of the vendors.   Then which of these two things did they intend to do?   The deed itself must answer the question, and we think it does plainly answer it.   There can not be a doubt about it, if we look only to the words by which the lien is retained, and that certainly is the most material part of the deed to be looked to in making the present enquiry.   Those words are, ' and the said William Zimmerman and Sallie E., his wife, do hereby retain a lien *on the property hereby conveyed* as security for the payment of the above receipted notes received in payment of their interest; the said George H. Williams has been paid up in full of his interest.'   The lien is thus retained upon the property conveyed by the deed—that is, the whole property, and not half the property thereby conveyed—or the interest which belonged to Zimmerman in that property.   If that had been the intention, it would, as it easily could, have been plainly so expressed.   The intention to retain a lien on the whole property being thus plainly expressed, if a different intention can be shown by the context, it ought to be very plainly shown, to counteract the natural import of the words by which the lien in retained."   After examining the context fully, he adds: " We see nothing in it which is inconsistent with the construction we have put upon the words by which the lien is retained.   On the contrary, we think the construction is supported by the other parts of the deed."

In that case, this court recognized the right of the parties to reserve a lien upon the face of the deed to secure the payment of all or any part of the unpaid purchase price upon the whole or any part of the land conveyed, and held that the extent of the lien is to be determined from the inten-

tion of the parties, and not from the extent of the interest
either vendor had in the land conveyed; and that such in-
tention is to be gathered from the deed itself.

Let us apply these principles to the case under consider-
ation.

The deed to the Grottoes Company, so far as it is material
to the question under consideration, is as follows: " Wit-
nesseth that in consideration of the sum of *twenty-five thou-
sand nine hundred and sixty-two dollars and thirty-eight cents,* of
which the sum of eight thousand six hundred and fifty-four
dollars and twelve cents was paid in cash, the receipt where-
of is hereby acknowledged, the said parties of the first and
second part do grant unto the said party of the third part,
*with general warranty of title,* a *certain tract or parcel of land*
lying in Augusta county, Virginia, on the east side of South
River, adjoining the Grottoes, containing by recent survey
made by Jasper Hauseman, surveyor of Rockingham county,
four hundred and thirty-two acres, two roods, and thirty-three
poles excluding three acres and one rood of S. V. R. R.
line included in the boundary and bounded as follows." * *
* * * * *     *The vendor's lien is hereby expressly retained
upon the land conveyed to secure the payment of four bonds of the
Grottoes Company* bearing even date herewith, two for four
thousand and fifty-four dollars and twelve cents each, pay-
able to Jas. A. Patterson, and two for four thousand six hun-
dred dollars each, payable to Lee D. Patterson, payable re-
spectively June 1, 1891, and June 1, 1892, with interest from
June 1, 1890, given for deferred payments of purchase
money."

The deed does not state that a lien is reserved upon the
interest of L. D. Patterson to secure the bonds executed to
him, but that " *the vendor's lien is hereby expressly retained upon
the land conveyed, to secure the four bonds of the Grottoes Com-
pany* * * * * * *given for deferred payments of pur-
chase money."* Not only do the words of the clause retaining

the lien show that it was the intention of the parties to charge the entire tract of land with the payment of all the purchase money bonds, but the whole deed shows that they, whatever may have been their previous negotiations or agreements with reference to the land, treated it, when the conveyance was made, as a sale and conveyance of one tract of land, and not as a sale and conveyance of two parcels in which each vendor was conveying, and covenanting with reference to, his own interest in the land. The land is described and conveyed as one tract. The vendors warrant generally the title to the whole land, and only one sum is named as the consideration for it.

The contention of counsel for the receivers of the Grottoes Company that the decision in the case of *Patton* v. *Hoge, supra,* does not control this case, because in that case the interests conveyed were undivided interests in the same parcel of land, whilst in this case the interests conveyed are separate and distinct parcels of the same tract, cannot be sustained. The doctrine established in that case was that the extent of the lien reserved upon the face of the deed does not depend, as in the case of the vendor's implied or equitable lien for purchase money, upon the extent of such vendor's interest in the land conveyed, but upon the contract of the parties in reserving the lien; and, since it depends upon the contract of the parties, the question whether the interests conveyed are joint or several, divided or undivided, is a matter of no consequence.

We are of opinion that the debt sued on was a lien upon the whole tract of land conveyed, and that the Circuit Court erred in not so holding. The decree appealed from must, therefore, be reversed, and the cause remanded to the Circuit Court, there to be proceeded with in accordance with the views expressed in this opinion.

*Reversed.*